# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| NIKCI BOYD, | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:14-cv-1469-JCM-GWF |
| DR. TIFFNAY et al., | ) | **ORDER** |
| Defendants. | ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a county prisoner. On September 12, 2014, this court issued an order denying the application to proceed *in forma pauperis*, without prejudice, because the application was incomplete. (ECF No. 2 at 1-2). The court ordered plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400.00 within thirty days from the date of that order. (*Id.* at 2). The thirty-day period has now expired, and plaintiff has not filed another application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal

1 for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of
2 address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for
3 failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
4 (dismissal for lack of prosecution and failure to comply with local rules).

5       In determining whether to dismiss an action for lack of prosecution, failure to obey a
6 court order, or failure to comply with local rules, the court must consider several factors: (1)
7 the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
8 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
9 cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d
10 at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-
11 61; *Ghazali*, 46 F.3d at 53.

12       In the instant case, the court finds that the first two factors, the public's interest in
13 expeditiously resolving this litigation and the court's interest in managing the docket, weigh in
14 favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of
15 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
16 filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542
17 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases
18 on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.
19 Finally, a court's warning to a party that his failure to obey the court's order will result in
20 dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
21 *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The court's order requiring
22 plaintiff to file another application to proceed *in forma pauperis* or pay the full filing fee within
23 thirty days expressly stated: "IT IS FURTHER ORDERED that if [p]laintiff does not timely
24 comply with this order, dismissal of this action may result." (ECF No. 2 at 2). Thus, plaintiff
25 had adequate warning that dismissal would result from her noncompliance with the court's
26 order to file another application to proceed *in forma pauperis* or pay the full filing fee within
27 thirty days.

28       It is therefore ordered that this action is dismissed without prejudice based on plaintiff's

failure to file another application to proceed *in forma pauperis* or pay the full filing fee in compliance with this court's September 12, 2014, order.

It is further ordered that the clerk of court shall enter judgment accordingly.

DATED: This 17th day of October 2014.

_____
United States District Judge

3